UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CAREY A. WILLIAMS-RICHARDSON,

        Plaintiff,        Case No. 1:10-cv-540

v.        Honorable Robert J. Jonker

CALHOUN COUNTY FRIEND
OF THE COURT,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by a former prisoner in the Calhoun County Jail. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. In addition, the Court must dismiss a complaint at any time, if it appears that it lacks subject-matter jurisdiction. FED. R. CIV. P. 2(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because the Calhoun County Friend of the Court is entitled to sovereign immunity.

## Discussion

I. Factual allegations

Plaintiff Carey A. Williams-Richardson drafted his complaint while he was incarcerated in the Calhoun County Jail, though he had been released by the time his complaint was received by this Court. Plaintiff sues the Calhoun County Friend of the Court.

According to his complaint, Plaintiff was sentenced on April 10, 2007 to serve a jail term of 90 days for failure to pay child support. After 20 days, he was offered early release if he agreed to work 40 hours per week for the county roads/park program. Plaintiff agreed to do so, but he never fulfilled his obligation. On May 10, 2010, while Plaintiff was riding in a car with his son, the vehicle was pulled over for failure to yield. Plaintiff was arrested on the basis of a bench warrant issued for his arrest for failing to comply with the terms of his 2007 release. In addition, two felony warrants were pending against him for felonious family neglect and failure to pay child support. Plaintiff sues the Calhoun County Friend of the Court for its actions, which he alleges have substantially affected his ability to pay his bills and have caused his family to suffer. He argues that he never acceded to the jurisdiction of the Friend of the Court and that the Defendant has no authority to dictate how much money he must pay to support his children. He therefore argues that the orders of support issued by the Calhoun County Friend of the Court and his arrest and prosecution for failure to pay child support violated the federal and state constitutions.

II. Sovereign Immunity

The Calhoun County Friend of the Court is immune from suit in this Court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or

Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).

The Calhoun County Friend of the Court is a part of the Calhoun County Circuit Court. *See* MICH. COMP. LAWS § 552.503(1) (creating office of Friend of the Court in each judicial circuit). The circuit courts of the State of Michigan are clearly arms of the state and, thus, immune from suit. *See, e.g., Nicklay v. Eaton County Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008). Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland County Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). The circuit courts are part of the state government, not the county

or the city. *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Calhoun County Friend of the Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed because the Calhoun County Friend of the Court is entitled to sovereign immunity.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$455.00 appellate filing fee under § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  September 8, 2010           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE